This is a motion to dismiss a bill filed to foreclose a mortgage. The mortgagors have answered, paying the amount due into court, and setting up by way of cross relief, what is practically a bill of interpleader. The complainant, who is the executor appointed in this state under the last will and testament of Luise Mohr, deceased, claims the right to foreclose and collect this mortgage, which was owned by the decedent in her lifetime. She died in Arizona, and an administrator with the will annexed was appointed in that state. The defendant Brameld claims that the administrator in Arizona authorized him to collect and cancel this mortgage. The executor in New Jersey, and Brameld, acting for *Page 395 
the administrator in Arizona, are, therefore, the contending parties, who claim the right to receive the moneys on this mortgage. The motion to dismiss the bill of complaint is not made by the mortgagors, who have answered as above indicated, but by Brameld, who is made a defendant in the bill, for the purpose of compelling him to deliver up the bond and mortgage for cancellation.
Under these circumstances, it seems to me that the present motion to dismiss the bill cannot prevail. The mortgagors, of course, have paid the amount of the mortgage into court; and if they have fully complied with the requirements of the rules in this respect they would be entitled to a dismissal of the bill as to them; but it seems to me that if the court is to now determine which of the two contending claimants is entitled to the fund, it should be done, not upon a motion to dismiss the bill by the rival claimant, but upon a hearing after appropriate claims have been filed, or amendments to the present record made, so as to make it conform to the requirements of the rules respecting interpleader.
I will, therefore, deny the present motion to dismiss the bill.